**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

TERRY LEE WARD
ADC #136026                                                                                              PLAINTIFF

V.                                              5:09CV00060 JMM/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction; and
JOHN and JANE DOES                                                                              DEFENDANTS

**ORDER**

Plaintiff, who is currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), has filed a *pro se*[1] § 1983 Complaint and supporting Affidavit. *See* docket entry #1. For the reasons set forth below, the Court will give Plaintiff thirty days to: (1) pay the $350 filing fee or file an Application to Proceed *In Forma Pauperis*; and (2) file an Amended Complaint.

**I. Filing Fee**

The filing fee for commencing a § 1983 action in federal court is $350. Plaintiff has neither

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."
   Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

paid the filing fee nor filed an Application to Proceed *In Forma Pauperis*. If Plaintiff wishes to pursue this action, he must, within thirty days of the entry of this Order, either: (1) pay the $350 filing fee in full;[2] or (2) file a properly completed Application to Proceed *In Forma Pauperis*,[3] along with a properly completed prisoner calculation sheet.[4] In contrast, if Plaintiff does *not* wish to proceed with this case, he should file a Motion for Voluntary Dismissal, and this case will be dismissed, without assessment of any portion of the filing fee.

## II. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or

---

[2] Any such payment should clearly indicate that it is for payment of the filing fee in *"Ward v. Norris and Does*; 5:09CV00060 JMM/JTR."

[3] The Prison Litigation Reform Act ("PLRA") provides that a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4). **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

[4] Plaintiff must complete and sign the Application to Proceed *In Forma Pauperis*. In contrast, the prisoner calculation sheet must be prepared and signed by an prison official. The prisoner calculation sheet will reflect the deposits and monthly balances of the prisoner's account at the facility during the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). Based on this information, the Court will assess an initial partial filing fee, if sufficient funds exist, and will also direct the future collection of monthly installment payments from Plaintiff's account until the filing fee is paid in full. *Id.* § 1915(b)(1) and (2).

malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

In his Complaint, Plaintiff alleges that Defendant ADC Director Larry Norris and Jane/John Doe Defendants denied him adequate medical care for a bleeding ulcer, and various heart, sinus, and dental problems while he was incarcerated at several ADC units.  *See* docket entry #1.  The Court needs further information from Plaintiff about these allegations before it can complete the screening process mandated by § 1915A.  Accordingly, Plaintiff shall file, within thirty days, an Amended Complaint specifying: (1) how Defendant Norris was personally involved in, or otherwise legally responsible for, the allegedly inadequate medical care; and (2) whether Plaintiff wishes to add Dr. Hughes, Dr. Clark, Nurse Debra West, and/or any other health care workers as Defendants in this action.

The remainder of Plaintiff's Complaint is an incoherent string of phrases that appears to be a list of various wrongful acts committed over the course of several years while Plaintiff was incarcerated at various ADC units.  *Id.* at 1 through 6.  This portion of the Complaint is in clear violation of Fed. R. Civ. P.  8(a) and (e), which specifies that a complaint must contain a "short and plain statement" showing that the plaintiff is entitled to relief and that the averments set forth therein must be "simple, concise, and direct."  *See also Trobaugh v. Hyatt*, Case No. 04-2243, 2005 WL 775396 (8th Cir. April 7, 2005) (unpublished opinion) (explaining that *pro se* inmates must comply with the pleading requirements set forth in Fed. R. Civ. P. 8(a) and (e)); *Chandler v. Pogue*, Case No. 02-2793, 2003 WL 943750 (8th Cir. March 11, 2003) (unpublished opinion) (holding that a trial court did not abuse its discretion when it dismissed a *pro se* inmate's complaint for failing to comply with Fed. R. Civ. P. 8).  Additionally, Plaintiff cannot defeat the filing fee requirements set forth in

§ 1915 of the PLRA by joining, in one lawsuit, a multitude of *factually unrelated* and *legally distinct* claims involving different defendants, time periods, and ADC Units.

Thus, if Plaintiff wishes to pursue a § 1983 action regarding any matters – *other than the inadequate medical care claims listed above* – he must file new, separate Complaints containing a few factually and legally related claims.

### III.  Conclusion

IT IS  THEREFORE ORDERED THAT:

1. The Clerk is directed to send Plaintiff an Application to Proceed *In Forma Pauperis,* along with a prisoner calculation sheet.

2. Plaintiff shall, **within thirty days of the entry of this Order**, either: (1) pay the $350 filing fee in full; or (2) file a properly completed Application to Proceed *In Forma Pauperis,* along with a properly completed prisoner calculation sheet.

3. Plaintiff shall file, **within thirty days of the entry of this Order**, an Amended Complaint containing the information specified herein.

4. Plaintiff is reminded, as specified in footnote 1, that the failure to timely and properly comply with this Order will result in the dismissal of this case, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this 2nd day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE