# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

TERRY LEE WARD
ADC #136026                                                                                   PLAINTIFF

V.                              5:09CV00060 JMM/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction; et al.                                            DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition hs been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

   1.   Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Discussion

On February 26, 2009, Plaintiff, who is a prisoner incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed a lengthy and confusing *pro se* § 1983 Complaint alleging that Defendant ADC Director Larry Norris and numerous Jane/John Doe Defendants denied him adequate medical care for heart, sinus, stomach, and dental problems. *See* docket entry #1. Much of the Complaint was an incoherent string of phrases which vaguely described wrongful acts committed over the course of several years while Plaintiff was incarcerated at several ADC units. *Id.*

On March 2, 2009, the Court issued an Order finding the Complaint violated Fed. R. Civ. P. 8.[1] *See* docket entry #3. The Court also explained that Plaintiff "could not defeat the filing fee

---

[1] Fed. R. Civ. P. 8(a) and (e) provides that a complaint must contain a "short and plain statement" showing that the plaintiff is entitled to relief and that the averments set forth therein must be "simple, concise, and direct." S*ee also Trobaugh v. Hyatt*, Case No. 04-2243, 2005 WL 775396

requirements set forth in § 1915 of the PLRA by joining, in one lawsuit, a multitude of *factually unrelated* and *legally distinc*t claims involving different defendants, time periods, and ADC Units." *Id.* at 4 (emphasis in the original). The Court directed Plaintiff to file an Amended Complaint specifying: "(1) how Defendant Norris was personally involved in, or otherwise legally responsible for the allegedly inadequate medical care; and (2) whether Plaintiff wishes to add Dr. Hughes, Dr. Clark, Nurse Debra West, and/or any other health care workers as Defendants in this action." *See* docket entry #3 at 3. Finally, the Court advised Plaintiff that: (1) if he wished "to pursue a § 1983 action regarding any matters – *other than the inadequate medical care claims listed above* – he must file new, separate Complaints containing a few factually and legally related claims"(*id.* at 4, emphasis in the original); and (2) his failure to *properly* comply with the Court's instructions would result in his case being dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2). *Id.*

On April 13, 2009, Plaintiff filed a forty-nine-page Amended Complaint which names thirty-five Defendants and involves a variety of *new* constitutional claims that arose at *different ADC units* over *several years*. *See* docket entry #6. Additionally, Plaintiff has added *new* inadequate medical care claims regarding a wide variety of *unrelated* medical conditions. *Id.* In other words, rather than complying with the Court's March 2 Order and Rule 8(a) and (e), Plaintiff filed an Amended Complaint which dramatically increased: (1) the number of his claims; (2) the number of Defendants; and (3) the overall complexity of his case.

The Court concludes that Plaintiff's Amended Complaint is a willful violation of Fed. R. Civ.

---

(8th Cir. April 7, 2005) (unpublished opinion) (explaining that *pro se* inmates must comply with the pleading requirements set forth in Fed. R. Civ. P. 8(a) and (e)); *Chandler v. Pogue*, Case No. 02-2793, 2003 WL 943750 (8th Cir. March 11, 2003) (unpublished opinion) (holding that a trial court did not abuse its discretion when it dismissed a *pro se* inmate's complaint for failing to comply with Fed. R. Civ. P. 8).

P. 8 and the Court's specific instruction contained in its March 2, 2009 Order. Accordingly, the Court recommends that the case be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).[2]

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Pursuant to Local Rule 5.5(c)(2), this case be DISMISSED, WITHOUT PREJUDICE, due to Plaintiff's failure to properly comply with the Court's March 2, 2009 Order (docket entry #3) and Fed. R. Civ. P. 8.

2. All remaining Motions be DENIED, AS MOOT.

3. The Court CERTIFY, pursuant 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 22nd day of April, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] If Plaintiff intends to pursue a § 1983 action in the future, he must comply with Rule 8 by filing a short Complaint that clearly and concisely asserts factually and legally related claims.